IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOVAN DANIELS, # B-68369,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 16-cv-0101-MJR |
| ) | |
| **WEXFORD HEALTH SOURCE, INC.,** ) | |
| **MENARD HEALTHCARE UNIT,** ) | |
| **MR. TROST, and K. BUTLER,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Jovan Daniels, an inmate at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendants have failed to provide him adequate medical treatment for his rheumatoid arthritis. He seeks monetary damages.

The complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

All of the events giving rise to this action occurred at Menard Correctional Center ("Menard"), where Plaintiff is presently incarcerated. On August 3, 2015, Plaintiff was seen by a doctor in the healthcare unit at Menard for joint and stomach pains, which he has endured for some time. (Doc. 1, p. 3). Plaintiff was previously diagnosed with rheumatoid arthritis. *Id*. at 5. The doctor told Plaintiff that he would put in a request for Plaintiff to be seen by Defendant Dr. Trost, the medical director at Menard. *Id*. at 4. Over the next month, Plaintiff was never called to see Dr. Trost. *Id*. During that time, Plaintiff submitted a handwritten request slip to Dr. Trost asking to be seen for his joint and stomach pains, but his request was never acknowledged. *Id*. On September 7, 2015, Plaintiff filed an emergency medical grievance with Defendant Butler, the head warden at Menard, and he was finally seen by Dr. Trost. *Id*. at 4-5. At that

appointment, Dr. Trost told Plaintiff that he would schedule him to be seen by an outside specialist for his joint and stomach pains. *Id*. at 5.

But over the next two and a half months, Plaintiff was never seen by an outside specialist. *Id*. During that time, Plaintiff sent several handwritten request slips to Dr. Trost inquiring about an appointment with the specialist. *Id*. Once again, none of these requests were acknowledged. *Id*. Finally, on November 1, 2015, Plaintiff sent a second emergency medical grievance to Defendant Butler explaining that he had never been referred to an outside specialist for his joint and stomach pains and that he had also never been prescribed medication to help alleviate his pain. *Id*. A few days later, Plaintiff received a response from the grievance officer stating that Plaintiff was to be seen by an outside specialist on November 24, 2015. *Id*. at 7.

Plaintiff was not called to be seen by a specialist that day. In fact, as of late January 2016 when Plaintiff filed this complaint, Plaintiff was still waiting to see a specialist for his ongoing and debilitating joint and stomach pains. *Id*. at 7-8. Plaintiff sent Defendant Butler a third emergency medical grievance on December 15, 2015, once again explaining his situation, but still nothing has been done to address his medical condition and his severe pain. *Id*. at 8.

Plaintiff asserts that Wexford Health Source, Inc. ("Wexford") maintains a widespread practice of understaffing the healthcare unit at Menard. *Id*. In addition, Wexford lacks a proper procedure for the treatment of rheumatoid arthritis, yet it refuses to refer inmates to see outside specialists. These measures, Plaintiff maintains, are aimed at cutting costs. *Id*.

## Discussion

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v.*

*Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish an Eighth Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). Moreover, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010)). Plaintiff has been previously diagnosed with rheumatoid arthritis, which causes him ongoing pain and discomfort. Specifically, since August 2015, Plaintiff has been suffering from severe joint and stomach pains, which have gone untreated. These allegations meet the threshold requirement for a "serious" medical condition. The question, then, is whether the Defendants acted with deliberate indifference.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett*, 658 F.3d 742, 753 (7th Cir. 2011). *See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). But, to be held liable, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of

Page **4** of **8**

facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff alleges that he personally made Defendants Trost and Butler aware of his painful medical condition and repeatedly requested appropriate treatment and medication to manage his pain, but they each failed to adequately address his condition, thereby prolonging his pain and suffering. These allegations are sufficient to state an actionable Eighth Amendment deliberate indifference claim against Defendants Trost and Butler. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (holding that "once an official is alerted to an excessive risk to inmate safety or health through a prisoner's correspondence, refusal or declination to exercise the authority of his or her office may reflect deliberate disregard.") (internal quotations and citations omitted).

Likewise, Plaintiff asserts that Defendant Wexford should be held liable because Wexford maintains a practice of understaffing the healthcare unit at Menard and refusing to make referrals to outside specialists in an attempt to cut costs. Plaintiff maintains that as a result of these policies he has been denied adequate medical care. Defendant Wexford may be held liable for the promulgation of a policy or practice, if the policy or practice caused the underlying constitutional violation, as alleged here. *See Perez*, 792 at 780; *see also Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). As such, Plaintiff may also proceed on his Eighth Amendment deliberate indifference claim against Defendant Wexford.

However, Plaintiff may not proceed on his claim against the Healthcare Unit at Menard. The Healthcare Unit is a department or division within Menard and the Illinois Department of Corrections. As such, it is an arm of the state and is immune from a suit for money damages under the Eleventh Amendment. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). *See*

*also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (a state is not a "person" within the meaning of § 1983); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Accordingly, the claim against the Healthcare Unit shall be dismissed with prejudice.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to United States Magistrate Judge Williams for a decision.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment medical care claim against Defendants **TROST, BUTLER,** and **WEXFORD HEALTH SOURCE, INC**.

**IT IS FURTHER ORDERED** that Defendant **HEALTHCARE UNIT** is **DISMISSED WITH PREJUDICE** from this action.

The Clerk of Court shall prepare for Defendants **TROST, BUTLER,** and **WEXFORD HEALTH SOURCE, INC**.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 23, 2016**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**